IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES DAVID BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2419-K |
| | § | |
| LARRY STOKES | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Charles David Brown, an inmate in the TDCJ-ID, against Larry Stokes, the assistant manager of an O'Reilly Auto Parts store in Greenville, Texas. On December 9, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on January 19, 2006. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1981).

II.

Plaintiff alleges that he sustained serious personal injuries when defendant physically assaulted him at an O'Reilly Auto Parts store on or about February 10, 2004. He also accuses defendant of destroying a videotape recording of the incident. By this suit, plaintiff seeks $2 million in damages.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff apparently believes that federal jurisdiction is proper under 42 U.S.C. § 1983. (*Spears* Quest. #2). In order to maintain a civil action under that statute, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Defendant is a private citizen, not a state actor. Private action may give rise to section 1983 liability only when the challenged conduct is "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff fails to allege any facts which, if proved, constitute state action and thus support the exercise of federal question jurisdiction. Nor is there any basis for federal diversity jurisdiction as plaintiff and defendant are both citizens of Texas. (*Spears* Quest. #4). Consequently, this case must be dismissed.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The disposition of this case does not preclude plaintiff from suing defendant in Texas state court.